UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYSHAWN CHERRY, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DAVIS and CARL WEATHERSPOON, <br><br> Defendants. | No. 12 C 4070 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Rayshawn Cherry initiated this lawsuit pro se against Chicago Police Officers James Davis and Carl Weatherspoon, alleging civil rights violations pursuant to 42 U.S.C. § 1983, along with various state law claims.[1] In his First Amended Complaint (Complaint), Cherry alleges that Davis and Weatherspoon are liable for violating Cherry's due process rights (Count I), failing to intervene (Count II), conspiring to deprive Cherry of his constitutional rights (Count III), malicious prosecution (Counts IV and V), intentional infliction of emotional distress (Count VI), and civil conspiracy (Count VII). (Compl. ¶¶ 39–73). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

---

[1] On July 5, 2012, the Court dismissed the City of Chicago and the Chicago Police Department as defendants pursuant to 28 U.S.C. § 1915A. (Dkt. 5). On November 2, 2012, the Court appointed counsel to represent Cherry. (Dkt. 20).

On January 3, 2013, Defendants filed a Motion to Dismiss Counts IV, V, VI, and VII pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is granted.

## I. FACTUAL ALLEGATIONS[2]

Cherry alleges that Defendants wrongfully arrested him on September 22, 2008, in connection with an armed robbery that occurred on August 17, 2008. (Compl. ¶¶ 16, 19–20). Cherry alleges that Defendants had no probable cause to arrest him, because he did not match the suspect's description, and because Defendants had been told by the other armed robbery suspect that someone else was his accomplice. (*Id.* ¶¶ 17–19). Cherry further alleges that, prior to his arrest, Defendants rigged a photo lineup which led to his improper identification by one of the two armed robbery victims. (*Id.* ¶¶ 23, 25–26).

Cherry alleges that Defendants conspired to arrest him without probable cause in order to pressure him to provide information about a homicide that occurred in July 2010, in which a 78-year-old grandmother was killed. (Compl. ¶¶ 11, 20, 24). Once Defendants had Cherry in custody, he alleges that they questioned him about the homicide and indicated several times that he could avoid the armed robbery charge if he gave them information about the homicide. (*Id.* ¶ 24). When Cherry did not provide information about the homicide, he alleges that Defendants rigged an in-person lineup which resulted in Cherry being charged with the armed robbery,

---

[2] The Court accepts as true all factual allegations in Plaintiff's Complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

even though Defendants knew he did not commit that crime. (*Id.* ¶¶ 23–24). Cherry further alleges that Defendants never disclosed this exculpatory information to the defense prior to or during Cherry's trial. (*Id.* ¶¶ 35–36, 41).

Prior to trial, Cherry brought a motion to quash arrest and suppress evidence on the basis that Defendants lacked probable cause to arrest him. (Compl. ¶¶ 29–30). The motion to quash was granted. (*Id.* ¶ 31). On December 13, 2010, Cherry was acquitted of all charges related to the armed robbery. (*Id.* ¶ 34).

## II. DISCUSSION

### A. Applicable Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A Rule 12(b)(6) motion to dismiss must be considered in light of the liberal pleading standard of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal citations and alterations omitted). Determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis omitted).

**B. Count IV—Malicious Prosecution Under § 1983**

In Count IV, Cherry alleges a cause of action for malicious prosecution under 42 U.S.C. § 1983. (Compl. ¶¶ 56–60). He alleges that Davis and Weatherspoon, despite knowing that they did not have probable cause to arrest and prosecute him for armed robbery, caused Cherry to be arrested and prosecuted for that crime. (*Id.* ¶ 57). Cherry alleges that Defendants' actions violated his rights pursuant to the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures and to due process. (*Id.*).

Defendants contend that Cherry's § 1983 malicious prosecution claim is improperly pled and Count IV should be dismissed. (Mot. 2–3). In the Seventh Circuit, the due process clause does not support the constitutional tort of malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). When a state-law remedy for malicious prosecution exists, due process is satisfied by the opportunity to pursue the claim in state court. *Id.* After *Newsome*, plaintiffs may seek relief for malicious prosecution either by asserting a "proper" due process claim as understood in *Brady v. Maryland*, 373 U.S. 83 (1963), or by seeking relief under a state-law claim for malicious prosecution. *Newsome*, 256 F.3d at 751–52. Here, Cherry's remedy is in Count V—his state-law malicious prosecution claim.

Cherry recognizes that the Seventh Circuit has held that there is no § 1983 cause of action for malicious prosecution, under either a Fourth or Fourteenth Amendment theory. (Compl. 11 n.1; Resp. 11). Nevertheless, Cherry asserts that he pleaded this count to preserve the issue for appeal, particularly given the circuit

split on this issue, which the Supreme Court has acknowledged but not yet resolved. (*Id.*); *see Albright v. Oliver*, 510 U.S. 266, 271 n.4 (1994) ("the extent to which a claim of malicious prosecution is actionable under § 1983 is one on which there is an embarrassing diversity of judicial opinion") (citation omitted).

Plaintiff has preserved the issue for appeal. Count IV is dismissed.

## C. Statute of Limitations

Defendants contend that Plaintiff's state-law claims of malicious prosecution, intentional infliction of emotional distress, and civil conspiracy (Counts V, VI, and VII) are barred by the one-year statute of limitations provided for in section 10/8-101 of the Illinois Tort Immunity Act, 745 ILCS § 10/8-101. (Mot. 3–4). "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Cherry does not dispute that Counts V, VI, and VII are barred by the statute of limitations. Instead, he argues that the Motion to Dismiss is untimely and Defendants have waived their statute of limitations defense by failing to raise it in their first responsive pleading. (Resp. 3–5).

Cherry contends that the Motion to Dismiss should be denied in its entirety because it was filed on January 3, 2013, three days after it was due on December 31, 2012. (Resp. 3–4). Davis and Weatherspoon acknowledge that their Motion was untimely. (Reply 1). Nevertheless, Defendants assert that a denial based on a mere

technicality should be avoided and Plaintiff has not demonstrated any prejudice from the delay. (*Id.* 2). The Court agrees.

Unless a defendant can demonstrate prejudice from an untimely filed motion to dismiss, a court has the discretion to consider the merits of the motion. *See Jones v. Goodman*, No. 91-7560, 1992 WL 97357, at *2 (E.D. Penn. May 1, 1992) (untimely motion to dismiss allowed where no prejudice shown); *Robles v. Albino*, No. 09 C 2759, 2011 WL 3236198, at *1 n.4 (D.N.J. July 26, 2011) (same); *Blom v. Evangelical Lutheran Good Samaritan Soc.*, No. 10-4145, 2012 WL 1253174, at *3 (D.S.D. April 13, 2012) (same). Here, Cherry has not argued, and the Court finds no reason to conclude, that the three-day delay caused Plaintiff any prejudice. Moreover, even if the Court were to find that the Motion to Dismiss is untimely, Defendants' statute-of-limitations defenses would be preserved from waiver. *See* Fed. R. Civ. P. 12(h)(2). Thus, the Court finds no good reason to deny the Motion to Dismiss as untimely.

Cherry also argues that Davis and Weatherspoon waived their statute-of-limitations defense by failing to raise it in their first responsive pleading. (Resp. 4–5). A party must bring a motion to dismiss under Rule 12(b) before filing a responsive pleading such as an answer. Fed. R. Civ. P. 12(b); *see Perkins v. University of Illinois at Chicago,* No. 95 C 4320, 1995 WL 680758, at *1 (N.D. Ill. Nov.14, 1995) (Rule 12(b) motion must be brought before, not concurrently, with answer). Defendants electronically filed their answer on January 3, 2013, at 1:36 p.m. and their motion to dismiss nine minutes later, at 1:45 p.m. If Defendants' motion to dismiss had

been filed ten minutes earlier, it would have complied with Rule 12. Such *de minimis* noncompliance with Rule 12 does not justify holding that Defendants forfeited their statute-of-limitations argument. *See Hausen v. PS Illinois Trust*, 11 C 6888, 2012 WL 266169, at *2 (N.D. Ill. Jan. 29, 2012) ("Such *de minimis* noncompliance with the rule does not justify holding that PS forfeited its objection to venue."); *see also Garner v. Lakeside Cmty. Comm.,* No. 10 C 174, 2010 WL 3034769, at *2 (N.D. Ill. Aug. 3, 2010) (refusing to deem allegations of complaint admitted as sanction for filing contemporaneous answer and motion to dismiss); *Kimbrell v. Brown,* No. 09 C 0511, 2009 WL 5064384, at *2 (S.D. Ill. Dec.17, 2009) ("when filed contemporaneously, courts often consider the motion to dismiss to predate the answer"). Moreover, the answer addressed only Counts I, II, and III, which are not the subject of the instant Motion. Accordingly, the Court finds that Defendants have not waived their statute-of-limitations defense.

Counts V, VI, and VII are dismissed.[3]

---

[3] Defendants also contend, in the alternative, that Count VII should be dismissed because it is barred by the intra-corporate conspiracy doctrine and lacks sufficient facts to state a claim for a state conspiracy action. (Mot. 5–7). Because the Court finds that Count VII is barred by the applicable statute of limitations, it declines to address these alternative arguments.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [30] is **GRANTED**. Counts IV, V, VI, and VII of the First Amended Complaint are **DISMISSED WITH PREJUDICE**.

E N T E R:

Dated: April 15, 2013

MARY M. ROWLAND
United States Magistrate Judge